RONALD A. VAN WERT
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, PC
618 W. RIVERSIDE AVENUE, SUITE 210
SPOKANE, WA  99201
TELEPHONE: (509) 747-9100
Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL G. WARD,<br><br>Defendant. | No. 2:14-CR-021-RMP-10<br><br>DEFENDANT WARD'S SENTENCING MEMORANDUM |

Defendant SAMUEL G. WARD, by and through his Attorney, RONALD A. VAN WERT of ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C., hereby submits this Sentencing Memorandum.

Mr. Ward has pled guilty to one count of distribution of oxycodone hydrochloride. Mr. Ward and the Government have agreed, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to mutually request a sentence of 48 months

DEFENDANT WARD'S
SENTENCING MEMORANDUM - 1

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

imprisonment. Based on the facts relevant to Mr. Ward's conduct, the sentences of co-defendants in this case, and Mr. Ward's personal history, Mr. Ward respectfully requests the Court to sentence him in accordance with the Plea Agreement.

A. **Allegations of gang associations should be stricken from PSR**

Mr. Ward incorporates herein his arguments to strike references to gang activities as contained in his Objections to Presentence Investigation Report. (ECF No. 1291 at 1-2). In response to Mr. Ward's Objections, the Probation Office declined to remove the references based on Mr. Ward having a Pittsburgh Steelers tattoo and Mr. Ward allegedly identifying himself as being associated with a street gang while being classified by the Spokane County Jail and during supervision by the Washington State Department of Corrections. (ECF No. 1343.) The bases for the Probation Office's determination that Mr. Ward is associated with a gang are unreliable. Reliance on such information to establish facts used in sentencing Mr. Ward, and that significantly prejudice Mr. Ward, violates his right to due process at sentencing.

Mr. Ward's constitutional guarantee of due process applies at sentencing. *United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995). It is a violation of

DEFENDANT WARD'S
SENTENCING MEMORANDUM - 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Mr. Ward's constitutional rights for the Court to rely on unreliable information at sentencing. *Id.* Associating Mr. Ward with a street gang based on a single tattoo of a National Football League team is inherently unreliable and unfair. Likewise, reliance entirely on a hearsay statement without corroborating information does not meet the minimum standards of due process. *See United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir.), *amended,* 992 F.2d 1015 (9th Cir. 1993). Thus, without corroborating information, reference to an unidentified member of a task force asserting that Mr. Ward made statements to entities outside the presence of the individual is unreliable, especially considering Mr. Ward's consistent denial of such association. These assertions cannot serve as the bases for facts that will significantly prejudice Mr. Ward in his sentencing. Accordingly, the reference to gangs in the PSR should be stricken.

B. **Physical allegation in criminal history**

Mr. Ward incorporates herein his arguments in his Objections to Presentence Investigation Report (ECF No. 1291 at 3-4) relating to a balanced and fair rendition of the record relating to a now dismissed assault charge. In response to Mr. Ward's Objections, the Probation Office states that it could not

DEFENDANT WARD'S
SENTENCING MEMORANDUM - 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

obtain the whole file regarding the charge despite requesting it; nevertheless, the Probation Office refuses to remove the prejudicial assertions of physical contact, which are based solely upon the police report obtained. (ECF No. 1343.) The statements contained in the police report are uncorroborated, controverted hearsay that are unreliable. *See Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973) (hearsay contained in a police report is inadmissible). Without corroborating evidence, the allegations of actual or threatened physical contact should not be included in the PSR.

## C. <u>18 U.S.C. § 3553(a)</u>

In accordance with the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), when sentencing a defendant, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a). Section 3553(a) provides, in pertinent part:

> The court shall impose a sentence <u>sufficient but not greater than necessary</u> to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

DEFENDANT WARD'S
SENTENCING MEMORANDUM - 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant; and

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3) the kinds of sentences available . . ..

(Emphasis added.)

Sentencing is not mechanical, but rather a "difficult art." *U.S. v. Diaz-Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006), *overruled on other grounds by United States v. Snellenberger*, 548 F.3d 699 (2008). It is "an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of [§ 3553(a)]." *Id.* at 1172.

This Court has sentenced a number of the co-defendants in this case, so it is well aware of the facts of the case and has applied the § 3553(a) factors to those facts in determining an appropriate sentence for the co-defendants. The proposed sentence of 48 months for Mr. Ward is higher than some of the

DEFENDANT WARD'S
SENTENCING MEMORANDUM - 5

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

sentences imposed on co-defendants playing a similar role as him in this matter. Thus, consistent with the Court's sentence of those co-defendants, 48 months reflects the seriousness of Mr. Ward's offense and is sufficient to serve as a deterrent to future behavior and to protect the public.

Mr. Ward's lack of a significant felony history and minimal amount of past jail time further supports the adequacy of the proposed sentence. Moreover, the support of Mr. Ward's family, Mr. Ward's desire to seek drug treatment while incarcerated, and his intent to obtain vocational training while incarcerated bode well for Mr. Ward's rehabilitation within the incarceration period proposed.

For the foregoing reasons, Mr. Ward respectfully requests that he be sentenced as proposed in the Plea Agreement.

DATED this 10th day of April, 2015.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By:   /s/ Ronald A. Van Wert
      Ronald A. Van Wert, WSBA #32050
      Email: rvw@ettermcmahon.com
      Attorneys for Defendant

DEFENDANT WARD'S
SENTENCING MEMORANDUM - 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jared Kimball, Assistant United States Attorney, and all co-defendant counsel.

Dated this 10th day of April, 2015.

By:  /s/ Ronald A. Van Wert

DEFENDANT WARD'S
SENTENCING MEMORANDUM - 7

ETTER, M$^{C}$MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100